IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE CHRISTIAN PETERS,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES MARSHAL,<br><br>  Respondent. | No. C 12-1396 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Petitioner, a federal prisoner confined in Miami, Florida, filed this pro se habeas corpus petition pursuant to 28 U.S.C. 2241. He has paid the filing fee.

## ANALYSIS

**A.  STANDARD OF REVIEW**

A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence only on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). The court should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. 2243.

**B.  LEGAL CLAIMS**

The claims in the petition are unintelligible.  He states that he is challenging "an irregularity in the extradition process," specifically a decision by the United States Marshal "to 'lose' collateral (Petitioner's body) using 'en route' tactic AFTER Petitioner sought exemption from extradition from Governor of California on the grounds that accountability was discharged and the sheriff refused to confine a free man" (Pet. 1).  It is unclear what he means by this, where he was extradited from, whether state or federal officials, or some combination, that were involved in extraditing him.  He has set forth seventeen claims, which are similarly incomprehensible.  For example claim one states:

> "Irregularity in extradition as Petitioner was released from the holding facility – now kept 'in limbo' using diesel therapy to find time to locate bond the Petitioner settled. . . . Acceptance pursuant to tenets of primary liability done November 28th; Petitioner was removed from the jail on November 30, but is still not free at this time."

(Pet. 3.)  Petitioner appears to be objecting to his transportation from one facility to another, or perhaps to the failure to release him altogether, but he does not state which facilities he is referring to, who made the decision to transport, "extradite," or fail to release him, or which constitutional right or federal law is being violated by such a decision.

Thereafter, the claims become only less comprehensible.  In claim two, petitioner states:

> "Obstruction of justice, including interfering with right to privately contract. . . request to the public defender and notification to the chief financial officer/clerk of the court, regarding settlement via acceptance of all charges (pursuant to primary liability tenets) was received at 10 AM on November 30, AD2011, and at approximately noon on the same day 11/30 he was removed from the holding facility, which petitioner has good cause to believe was at the request of the Fresno Sheriff who understood that the debt had been settled and closed and the protector of the  people understood he could not be held any longer, prompting the 'diesel therapy' to interfere with delivering signature."

(*Ibid.*)  The nature of petitioner's claim and the constitutional right he claims is being violated cannot be discerned from the foregoing hodgepodge of legal terminology and apparently disparate factual allegations.  He later states that being transported to different facilities makes it difficult for him to receive mail or have his signature notarized, which he claims is necessary for him to settle a "debt" (*ibid.*).  It is utterly unclear what debt this is, or which federal constitutional right is implicated by his inability to settle it.

2

In addition, petitioner attaches to his petition approximately seventy pages of documents including affidavits entitled "Fiat Justitia, Ruat Coelum," and several documents entitled "Letter Rogatory" and "Conditional Acceptance."

Even if petitioner had some sort of claim that was cognizable under 28 U.S.C. 2241, there is no grounds for pursuing such a petition in this court. Petitioner is presently incarcerated in Florida. Where a petitioner is incarcerated in one state and files a petition under Section 2241 in a federal district court in another state, the federal district court lacks jurisdiction over his custodian to effect process or enforce its orders and must accordingly transfer or dismiss the petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 444 (2004); *Hassain v. Johnson*, 790 F.2d 1420, 1420 (9th Cir. 1986). Furthermore, "venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is confined." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988). Petitioner in incarcerated in the Southern District of Florida, he appears to have previously been in the Fresno County Jail, and he appears to have faced criminal proceedings in the Eastern District of California and the Southern District of Florida. Petitioner does not have any apparent connection to the Northern District of California. Accordingly, the petition should be dismissed for lack of jurisdiction and improper venue. If petitioner wishes to file a habeas petition under Section 2241, and can set forth comprehensible and cognizable claims, then he must do so in the Southern District of Florida, or if he is moved, in whichever district he is confined.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED**. The motion to relate this case to an earlier filed case is **DENIED** as unnecessary.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: March   22   , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\PETERS1396.DSM.wpd